UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUNCY BOWEN,<br><br>      Plaintiff,<br><br>v.<br><br>G.J. JANDA, et al.,<br><br>      Defendants. | Case No. 09-CV-2623-JLS (JMA)<br><br>**REPORT AND RECOMMENDATION REGARDING DEFENDANT G. JANDA'S MOTION TO DISMISS FIRST AMENDED COMPLAINT [Doc. No. 18] AND DISMISSAL OF REMAINING DEFENDANTS** |

On November 18, 2009, Plaintiff Shauncy Bowen ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that prison officials violated his civil rights by assaulting him. (Doc. No. 1.) On April 8, 2010, Plaintiff filed a First Amended Complaint ("FAC") naming an additional defendant. (Doc. No. 7.) On January 10, 2011, the Honorable Janis L. Sammartino dismissed the action without prejudice pursuant to Fed. R. Civ. P. 4(m) due to Plaintiff's failure to effectuate service in a timely manner. (Doc. No. 12.) On April 11, 2011, Judge Sammartino granted Plaintiff's motion for relief from the order dismissing the case, and directed the Clerk to issue a summons as to Plaintiff's FAC and forward to Plaintiff a blank U.S. Marshal Form 285 for each defendant. (Doc. No. 14.) A summons was returned unexecuted as to Defendant Sanchez on May 24, 2011. (Doc. No. 16.) Plaintiff obtained a waiver of service executed on May 31, 2011 from

Defendant G. Janda.  (Doc. No. 17.)  On June 27, 2011, Defendant Janda filed a motion to dismiss the FAC pursuant to Fed. R. Civ. P. 12(b)(6).  (Doc. No. 18.)  Plaintiff did not file an opposition.

For the following reasons, the Court recommends that Defendant Janda's motion to dismiss be **GRANTED** and that the Court **DISMISS** the remaining unserved defendants pursuant to Fed. R. Civ. P. 4(m).

**I.     Background**

The FAC alleges that on January 6, 2009, Plaintiff, while incarcerated at Calipatria State Prison, was assaulted by Defendant Sanchez, a correctional officer, while being escorted to the program office.  (FAC at 1, 3.)  Plaintiff alleges that Sanchez struck him in the back of the head with his fist.  (Id. at 3.)  Two other officers, including a Sergeant Silva, witnessed the incident and ran over.  (Id.)  Silva told Plaintiff to calm down, and asked Plaintiff whether he wanted to press charges.  (Id.)  Plaintiff stated that he did.  (Id.)  Sanchez then continued the escort to the program office, where a video and written statement were taken.  (Id.)

**II.    Motion to Dismiss**

**A.     Legal Standard**

A Rule 12(b)(6) dismissal may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" Johnson v. Riverside Healthcare System, LP, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (quoting Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, --- U.S. ----,129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 557).  "Factual allegations must be enough to

raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

Every complaint must, at a minimum, plead "enough facts to state a claim to relief that is plausible on its face." <u>Weber v. Dept. of Veterans Affairs</u>, 521 F.3d 1061, 1065 (9th Cir. 2008) (citing <u>Twombly</u>, 550 U.S. 544). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S.Ct. at 1949 (citing <u>Twombly</u>, 550 U.S. at 556). Facts which are alleged in the complaint are presumed true, and the court must construe them and draw all reasonable inferences from them in favor of the plaintiff. <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001). Factual allegations asserted by pro se petitioners, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). Thus, where a plaintiff appears pro se in a civil rights case, the Court must construe the pleadings liberally and afford plaintiff any benefit of the doubt. See <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 623 (9th Cir. 1988). Nevertheless, and in spite of the deference the court is bound to pay to any factual allegations made, it is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged." <u>Associated General Contractors of California, Inc. v. California State Council of Carpenters</u>, 459 U.S. 519, 526 (1983).

**B.    Discussion**

Defendant Janda moves to dismiss the FAC on the basis that the FAC fails to state a claim against him. Janda correctly asserts that the FAC contains no factual allegations against him other than to identify him as the assistant warden and to allege that he engaged in "cruel and unusual punishment." Mot. to Dismiss at 1-2. A conclusory allegation that a defendant engaged in cruel and unusual punishment without any factual support is insufficient to withstand a motion to dismiss. <u>See</u>, <u>e.g.</u>, <u>Iqbal</u>, 129 S.Ct. at 1949. Plaintiff has plead no facts from which the Court could find

that he has stated an Eighth Amendment claim against Janda.  Furthermore, Plaintiff cannot state a claim against Janda based on supervisory liability.  Under Ninth Circuit authority,

> Liability under section 1983 arises only upon a showing of personal participation by the defendant.  A supervisor is only liable for the constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.  There is no respondeat superior liability under section 1983.

Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted).  The FAC is devoid of any factual allegations that Janda directed, participated in, or had any knowledge of the alleged misconduct.  Plaintiff's naming of Janda as a defendant solely on the basis that Janda is an assistant warden does not sufficiently state any claim against him.

The Court accordingly recommends that Defendant Janda's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) be **GRANTED** without prejudice.

### III.    Dismissal of Remaining Defendants Per Fed. R. Civ. P. 4(m)

Two defendants remain unserved in this action, Defendants Sanchez and John Doe.  As set forth above, Judge Sammartino dismissed this action without prejudice on January 10, 2011 pursuant to Fed. R. Civ. P. 4(m) due to Plaintiff's failure to effectuate service in a timely manner.  (Doc. No. 12.)  On April 11, 2011, Judge Sammartino granted Plaintiff's motion for relief from the order dismissing the case, and directed the Clerk to issue a summons as to Plaintiff's FAC and forward to Plaintiff a blank U.S. Marshal Form 285 for each defendant.  (Doc. No. 14.)

Over four months have passed since the issuance of Judge Sammartino's order directing service, and proofs of service have still not been filed as to either Defendant Sanchez or Defendant John Doe.[1]  Plaintiff has failed to effectuate service on these defendants in a timely manner and has failed to establish good cause for not having

---

[1] A summons was returned unexecuted as to Defendant Sanchez on May 24, 2011. (Doc. No. 16.)

done so.  See Fed. R. Civ. P. 4(m) (requiring that defendants be served within 120 days of the filing of the complaint).  Federal Rule of Civil Procedure 4(m) requires their dismissal.  Accordingly, the Court recommends that Defendants Sanchez and John Doe be **DISMISSED** from this action.

**IV.     Conclusion and Recommendation**

After a thorough review of the record in this matter, the undersigned magistrate judge recommends that Defendant Janda's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) be **GRANTED** without prejudice and that the Court **DISMISS** Defendants Sanchez and John Doe pursuant to Fed. R. Civ. P. 4(m).

This Report and Recommendation is submitted to the Honorable Janis L. Sammartino, United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  **IT IS ORDERED** that not later than **September 23, 2011**, any party may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."  **IT IS FURTHER ORDERED** that any reply to the objections shall be served and filed not later than **October 3, 2011**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 26, 2011

_____
Jan M. Adler
U.S. Magistrate Judge