# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUNCY BOWEN, CDCR #J-53971,<br><br>Plaintiff,<br><br>vs.<br><br>G.J. JANDA; SANCHEZ, Correctional Officer,<br><br>Defendant. | CASE NO. 09CV2623 JLS (JMA)<br><br>**ORDER (1) ADOPTING IN PART AND DECLINING TO ADOPT IN PART REPORT AND RECOMMENDATION;**<br>**(2) GRANTING DEFENDANT JANDA'S MOTION TO DISMISS;**<br>**(4) DISMISSING DEFENDANT JOHN DOE; AND (5) DIRECTING U.S. MARSHAL TO REATTEMPT SERVICE ON DEFENDANT SANCHEZ**<br><br>(ECF Nos. 18, 19) |

Presently before the Court is Magistrate Judge Jan M. Adler's report and recommendation ("R&R") advising the Court to grant Defendant G.J. Janda's ("Defendant" or "Janda") motion to dismiss without prejudice and to dismiss Defendants Sanchez and John Doe pursuant to Federal Rule of Civil Procedure 4(m). (R&R, ECF No. 19) Also before the Court are Plaintiff Shauncy Bowen's ("Plaintiff" or "Bowen") objections to the R&R. (Obj., ECF No. 21)

## BACKGROUND

Plaintiff, an inmate at Calipatria State Prison, alleges that on January 6, 2009, while he was being escorted in mechanical restraints to the program office, correctional officer Sanchez struck Plaintiff in the back of his head with his fist. (FAC 3, ECF No. 7) Sergeant Silva and another officer witnessed the assault, and inquired whether Plaintiff wished to press charges. (*Id.*) Plaintiff did want to press charges, and was thereafter escorted to the program office where a video and written statement were taken. (*Id.*)

Plaintiff filed his original complaint pursuant to 42 U.S.C. § 1983 on November 18, 2009. (Compl., ECF No. 1)  He thereafter amended his complaint, naming an additional defendant. (FAC, ECF No. 7)  The Court dismissed Plaintiff's complaint without prejudice on January 10, 2011, pursuant to Federal Rule of Civil Procedure 4(m).  (Order, ECF No. 12)  Subsequently, the Court granted Plaintiff's application for relief from the Court's Order dismissing the case, and directed the Clerk to issue a summons as to Plaintiff's FAC and forward to Plaintiff a blank U.S. Marshal Form 285 for each Defendant.  (Order, ECF No. 14)

On May 24, 2011, a summons was returned unexecuted as to Defendant Sanchez.  (ECF No. 16)  Defendant Janda's waiver of service was executed on May 31, 2011.  (ECF No. 17) Thereafter, Defendant Janda filed the instant motion to dismiss.  (Mot. to Dismiss, ECF No. 18) Plaintiff did not file an opposition.  Magistrate Judge Adler issued the R&R on August 26, 2011, and Plaintiff's objections were filed *nunc pro tunc* September 30, 2011.  (Obj., ECF No. 21)

## LEGAL STANDARD

Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding a magistrate judge's R&R.  The district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz,* 447 U.S. 667, 673–76 (1980).  However, in the absence of a timely objection, "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Ct.*, 501 F.2d 196, 206 (9th Cir. 1974)).

## MOTION TO DISMISS

**1.  Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss.  The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain

statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, — US — , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 1950 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* Moreover, "for a complaint to be dismissed because the allegations give rise to an affirmative defense[,] the defense clearly must appear on the face of the pleading." *McCalden v. Ca. Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1990).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.

1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend. *See Desoto*, 957 F.2d at 658; *Schreiber*, 806 F.2d at 1401.

**2. Analysis**

Magistrate Judge Adler recommends that Defendant Janda's motion to dismiss be granted because "the FAC contains no factual allegations against him other than to identify him as the assistant warden and to allege that he engaged in 'cruel and unusual punishment.'" (R&R 3, ECF No. 19) Moreover, the R&R concludes that the FAC fails to alternatively state a claim against Janda based on supervisory liability because "[t]he FAC is devoid of any factual allegations that Janda directed, participated in, or had any knowledge of the alleged misconduct," as would be required to state a § 1983 violation against Janda as a supervisor. (*Id.* at 4)

Plaintiff objects to the R&R, arguing that he has sufficiently stated a § 1983 claim against Defendant Janda:

> Plaintiff alleges that he has stated a prima facie case of supervisory liability against G.J. Janda for failure to correct the illegal and unconstitutional actions of the correctional officer under his direct supervision, because he had direct knowledge of the propensity of these officers to use excessive and unlawful force, and he failed to properly act to discipline these officers in the past when excessive and unlawful force was use[d].

(Obj. 2, ECF No. 21)[1] Even assuming the truth of these allegations and that they are sufficient to state a claim against Defendant Janda for § 1983 supervisory liability, this factual allegation was raised for the first time in Plaintiff's objections, and cannot cure the deficiencies of the complaint. *See, e.g.*, Schneider *v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). Thus, the Court **OVERRULES** Plaintiff's objection to the R&R and **ADOPTS** Magistrate Judge Adler's recommendation that the FAC be **DISMISSED WITHOUT PREJUDICE**[2] as to Defendant Janda.

//

---

[1] Pin cites to Plaintiff's objections in this Order utilize the page numbers assigned by CM/ECF.

[2] Apparently recognizing the deficiency of his FAC, Plaintiff's objections request, in the alternative, that Plaintiff "be allowed to amend his complaint to state his allegation with more specificity." (Obj. 3, ECF No. 21) The Court notes that Magistrate Judge Adler recommended that Plaintiff's complaint be dismissed *without prejudice*, and that therefore Plaintiff is already entitled to the exact relief he requests: Plaintiff may file a second amended complaint, stating with more specificity his allegations against Defendant Janda.

**RULE 4(m) DISMISSAL**

**1. Legal Standard**

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The length of time for service may be extended upon a showing of good cause by the plaintiff. Fed. R. Civ. P. 4(m).

Relevant here, in cases involving plaintiffs proceeding in forma pauperis, the U.S. Marshal, upon order of the Court, is authorized to serve the defendant. *See* 28 U.S.C. § 1915(c); *Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991). Where service is to be made by U.S. Marshal, Civil Local Rule 4.1 provides that "the party at whose request the summons is issued is responsible for providing the Unites States marshal's office with appropriate instructions regarding the person upon whom service is to be made." Though "[f]ailure to comply with these instructions may cause the marshal not to perform service," *id.*,

> an incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and, having provided the necessary information to help effectuate service, plaintiff should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them under 28 U.S.C. § 1915(c) and Rule 4 of the Federal Rules of Civil Procedure.

*Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause within the meaning of Rule 4(j)." *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotation marks omitted).

**2. Analysis**

Here, despite granting Plaintiff's motion for relief from the Court's prior Order dismissing the case for failure to effectuate service in a timely manner, proofs of service were never filed as to either Defendant Sanchez or Defendant John Doe. As such, Magistrate Judge Adler recommended that Defendants Sanchez and John Doe be dismissed from the action because Plaintiff " failed to establish good cause for not having [effectuated service on these defendants in a timely manner]."

(R&R 4, ECF No. 19)

Plaintiff objects to the R&R as to Defendant Sanchez,[3] indicating that he "attempted to serve him by including specific information regarding his assigned work position within the prison institution at the time that the incident in which Defendant Sanchez used unconstitutional and unlawful excessive force." (Obj. 3, ECF No. 21)  Nevertheless, the prison institution indicated that there was "insufficient information provided to determine which Sanchez . . . Plaintiff was attempting to serve." (*Id.*); (*see also* ECF No. 16 ("Per litigation coordinator, there are several staff members with last name Sanchez.  Please provide first name or initial."))

Plaintiff suggests that the prison institution is "intentionally hindering Plaintiff's good faith effort to serve Defendant Sanchez." (Obj. 3, ECF No. 21)  Specifically, Plaintiff argues that it is unrealistic that the litigation coordinator could not identify which Sanchez Plaintiff was referring to, given that Plaintiff provided his inmate number, the date of the use of force incident, and indicated that a use of force report had been filed that would include Sanchez's badge identification number. (*Id.* at 7–8).  Moreover, Plaintiff argues that "every prison institution is required to keep a complete log of each use of force incidence report.  On these reports all employees who are involved in any way are listed, and each employee's specific identification or badge number is listed." (*Id.* at 4)  Plaintiff submits that the litigation coordinator should therefore be able to "quickly and easily" identify the correct Sanchez. (*Id.* at 8)  As such, Plaintiff requests that the U.S. Marshal make a specific inquiry in order to obtain Defendant Sanchez's badge number to effectuate service of process, or, alternatively, that Plaintiff be allowed limited discovery in order to obtain Sanchez's badge number. (*Id.* at 9–13)

Without addressing Plaintiff's contention that the prison institution in general or the litigation coordinator specifically are intentionally hindering his ability to identify Defendant Sanchez, the Court finds that Plaintiff has demonstrated good cause for the failure to timely serve Defendant Sanchez pursuant to Rule 4(m).  Thus, the Court declines to adopt Magistrate Judge Adler's recommendation as to Defendant Sanchez, and instead directs the U.S. Marshal to make a

---

[3] Plaintiff does not object to the R&R's conclusion as to Defendant John Doe.  Having reviewed the R&R, the Court concludes that it contains no clear error and therefore **ADOPTS** the R&R as to Defendant John Doe and **DISMISSES** John Doe pursuant to Rule 4(m).

1  greater inquiry of the litigation coordinator—including making reference to the January 6, 2009,
2  incident and incident report—and reattempt service on Defendant Sanchez.  If the U.S. Marshal is
3  still unable to effect service on Defendant Sanchez, Plaintiff may renew his request for limited
4  discovery for the purpose of identifying Defendant Sanchez.

## CONCLUSION

For the reasons stated above, the Court **ADOPTS** the R&R in part and **DECLINES TO ADOPT** the R&R in part.  The Court **ADOPTS** the R&R as to Defendant Janda's motion to dismiss; Plaintiff's claim against Defendant Janda is **DISMISSED WITHOUT PREJUDICE**.  The Court also **ADOPTS** the R&R as to Defendant John Doe; Defendant John Doe is **DISMISSED** pursuant to Rule 4(m).

The Court **DECLINES TO ADOPT** the R&R as to Defendant Sanchez; the Court directs the U.S. Marshal to reattempt service on Defendant Sanchez.  If the U.S. Marshal is still unable to effect service, Plaintiff shall have 60 days to provide additional information to identify Defendant Sanchez or to file a renewed motion for limited discovery for the purpose of identifying Defendant Sanchez.

**IT IS SO ORDERED**.

DATED:  January 4, 2012

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge